FILED

2009 AUG 12 PM 3:55

M.L. HITCHER, CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT TACOMA

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Honorable Judge Paul B. Snyder
Hearing Location: Tacoma
Hearing Date: September 9, 2009
Hearing Time: 1:00 pm
Response Date: September 2, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WESTERN WASHINGTON

In re:

THEODORE LENALL COPELAND

Debtor

CHAPTER 13 BANKRUPTCY

Case No. 08-45008-PBS

DECLARATION OF THEODORE L. COPELAND IN SUPPORT OF MOTION TO CLARIFY AMENDED ORDER GRANTING RELIEF FROM STAY AND FOR DAMAGES

I, Theodore L. Copeland, being first duly sworn upon oath, depose and say: That I am over the age of 21 years, am the Debtor in the above captioned action, and am competent to testify to the matters stated herein.

Early in the month of September 2008, I contacted a loan officer I know, Donna Canty, for assistant in helping me find a lender that did non-conforming loans with quick closing. I was faced with a foreclosure action and I needed a lender who could close quickly. Mrs. Canty referred me to the Creditor, Emiel Kandi that worked at Villa Mortgage LLC.

At the request of Mr. Kandi and with Mrs. Canty help we faxed all my house information, my credit report, and my financial information to Mr. Kandi so that he could make a determination as to whether he would do a home loan for me.

On September 25, 2008, after a series of phone calls with Mr. Kandi, He told me that he would do the loan for me. He explained that for my situation it would work best if he just purchase my contract from Mrs. Sutherland and then just have me make payments to him. I agreed.

DECLARATION OF
THEODORE L. COPELAND
Page 1 of 3

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866

Case 08-45008-ELP    Doc 54    Filed 08/12/09    Entered 08/13/09 08:BR26E    Page 1 of 3

From then on it became very difficult for me to have any length of conversation with him to get details on the loan. When I did reach Mr. Kandi he was unable to give me details because each time he told me that he was on the other line and he would call me right back, but he never did. I also would have Donna Canty attempt to call Mr. Kandi as well. Her calls got through to Mr. Kandi but no details would be disclosed to her. He would tell her that he would call me, but it never did.

On October 1, 2008 I filed for bankruptcy. Unbeknownst to me, Mr. Kandi prematurely cancelled my interest in the real estate contract and sold my house on October 1st as well.

On October 6 2008, I inform Mr. Kandi that I filed Ch. 13. He told me that he would look into it. I also informed him that I hand delivered a copy of my bankruptcy filing to his home address earlier that day and left it with the person that answered the door.

Because of Mr. Kandi's refusal to reverse his mistake, I had no choice but to retain a lawyer to return my title back. Creditor acknowledged my suit and filed a NOTICE OF APPEARANCE on 10/30/08. Within the pleadings of my suit it stated that I filed bankruptcy on October 1st and also as attachment labeled exhibit G was a copy of my bankruptcy filing. After we filed our suit, Kandi initiated a trick to get my lawyer disqualified for conflict of interest. The hearing was set for November 14th.

After losing the motion to disqualify, Mr. Kandi called me on my cell phone from his office no. 253-565-7700. The time was 11:46 am on 11/14/08, Becky McGee and Rachael Rose was in the vehicle with me and witnessed the conversation. Mr. Kandi told me that no matter what he was still going to continue his pursuit of removing me from my house. He told me that it was not appropriate for him to contact my attorney, but it was OK for him to contact me directly. He went on attempting to negotiate with me to compel me to drop my suit against him. After a few minutes of listening to him I told him to talk to my lawyer and then I ended to call.

On November 3, 2008, through his attorney Jason Wong (Wong), Mr. Kandi filed a counter claim against me for Quiet Title and Trespassing.

On or about November 21st only two days after I filed my Bankruptcy plan, Wong filed a motion for relief from stay alleging that I was in significant default of my plan . Wong did not show up at the hearing and the motion was denied. On January 21, 2009, Wong filed another motion for relief from stay still stating a significant default in my plan. This motion was heard on February 19, 2009.

DECLARATION OF
THEODORE L. COPELAND
Page 2 of 3

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

At the hearing Wong was unsuccessful at convincing Judge Snyder that I was in default of my plan. At this hearing Judge Snyder also learned that I was involved in current State litigations with Mr. Kandi the Creditor. I had a Quiet Title suit. My title had been return to me but the contract dispute and damage claim was still pending. Judge Snyder told me that I could not be in two courts, he told me to pick one. I was told by the Judge that if I wanted to continue to litigate my contract dispute in State Court that he would grant a relief from stay for that purpose.

On March 12, 2009 I attended another hearing. This hearing was to grant the motion for relief from stay pending no objection from me. I did not object. Judge Synder said that we could go fight it out in State Court but, implied that what we did in State Court was limited because the Bankruptcy Court was still in control of all my assets.

Judge Snyder signed the Order. Nowhere within the Order did it say that Creditor had permission to commence forfeiture actions. I ordered the audio recordings of both the February 19th and the March 12th hearings. I listen to the audios very carefully numerous times. Every indication to me was that the relief from stay was only for the purpose of litigating my contract dispute so that I could have accurate figures to complete my plan and get it conformed so that disbursement of payments could go out to my creditors.

On March 19, 2009, Wong had the order amended. I was not given notice about this amended order. Since receiving the amended order of relief from stay, Creditor has filed two non-judicial forfeiture actions and a motion for summary Judgment which sought some of the same actions. The Creditor's pleadings in the State Court of what happened in the Bankruptcy Court were unmistakably a misrepresentation.

**DATED** this 10th day of August, 2009.

*/s/ T. Len Copeland/*
Theodore Lenall Copeland, Debtor
Pro Se

DECLARATION OF
THEODORE L. COPELAND
Page 3 of 3

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE