Firearms Law Group  
728 Pacific Avenue, Suite 220  
Tacoma, WA 98402  
Telephone: (253) 272-4700  
Attorney for Diversified Financial, Inc.

Honorable Judge Paul B. Snyder  
Hearing Location: Tacoma  
Hearing Date: September 9, 2009  
Hearing Time: 1:00 pm  
Response Date: September 1, 2008

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF WESTERN WASHINGTON

*In re:*

THEODORE LENALL COPELAND

Debtor

CHAPTER 13 BANKRUPTCY

Case No. 08-45008-PBS

DECLARATION OF EMIEL KANDI

I, the undersigned, being first duly sworn upon oath, depose and say:

1. That I am over the age of 18 years and am competent to testify to the matters stated herein.

2. I am an agent for Diversified Financial, Inc., a Belize registered corporation. The corporation is not required to be authorized to conduct business within the State of Washington for the purpose of collecting on debts wholly owned by the company.

3. On September 30, 2008, Diversified Financial purchased a real estate contract from Martha Sutherland. The contract was for the sale of real property located at 12411 Beverly Court, in Tacoma, Washington. Within the assignment, I acknowledged that there was a pending dispute on the subject property. A copy of the assignment has been attached as Exhibit "A" and is incorporated herein by reference.

4. The assignment notes that a monthly payment of $450 is owed each and every month by Plaintiff. Since acquiring the contract, Diversified Financial has not received any payment from Debtor.

5. Prior to purchasing the real estate contract, I had exactly one conversation with Debtor that lasted more than a minute or two, in which I informed him that my only interest in

Declaration of Emiel Kandi  
Page 1 of 3

Firearms Law Group  
728 PACIFIC AVENUE, SUITE 220  
Post Office Box 1694, Tacoma, WA 98401  
(253) 272-4700

Case 08-45008-ELP    Doc 61    Filed 09/02/09    Entered 09/02/09 16:04:06    Page 1 of 18

him or in the property was in purchasing the real estate contract held by Martha Sutherland, and would not help him refinance his contract. I did speak with the defendant briefly to ask directions when I drove by the property and couldn't find it. At no time did I ever tell the Debtor that I would help him refinance his home. I never received any faxes or other written information from Mr. Copeland.

6. I have never met Debtor in person. No loan documents or other loan origination documents were completed by Debtor. I never made any promises or representations that I would loan Debtor money, or assist him with his financial troubles.

7. At the time of the purchase, Debtor had already been served with a Notice of Intent to Forfeit, due to his failure to make payments as required under the real estate contract. I had no involvement with the drafting or recording of the Notice of Intent to Forfeit dated June 30, 3008. A copy of the Notice of Intent to Forfeit has been attached as Exhibit "B" and is incorporated herein by reference.

8. Documents to transfer the subject property were recorded on October 1, 2008. At the same time, a Notice of Forfeiture was erroneously recorded. A copy of the Notice of Forfeiture has been attached as Exhibit "C" and is incorporated herein by reference.

9. On October 1, 2008, Debtor filed for bankruptcy protection with the U.S. Bankruptcy court. As a result of the filing, Diversified was subject to a mandatory stay, preventing any transactions affecting the subject property.

10. Upon notice from Debtor, Diversified subsequently reversed the transaction and restored title to Plaintiff on November 18, 2008. A copy of the reversal has been attached as Exhibit "D" and is incorporated herein by reference. Debtor holds exclusive title to the subject property, subject to the terms of the real estate contract.

11. On March 20, 2009, Diversified Financial was granted relief from mandatory stay by the U.S. Bankruptcy court.

Declaration of Emiel Kandi
Page 2 of 3

Firearms Law Group
728 PACIFIC AVENUE, SUITE 220
Post Office Box 1694, Tacoma, WA 98401
(253) 272-4700

Case 08-45008-ELP    Doc 61    Filed 09/02/09    Entered 09/02/09 16:04:06    Page 2 of 18

12. Since Diversified acquired an interest in the real estate contract, Debtor has failed to make any payments to Diversified under the terms of the contract.

13. To date, the amount of real property taxes owed totals $9,135.17, representing real property tax for 2006, 2007, 2008, and 2009, plus penalties and interest. The property is currently subject to tax foreclosure under Pierce County Superior Court cause number 08-2-11680-3.

14. Diversified Financial is aware of two payments of $350 made to the Pierce County Superior Court Registry on March 10, 2009. The amount paid does not fulfill the required amount owed under the terms of the contract.

15. Diversified has been subject to several cases of litigation within the King and Pierce County Superior courts. To date, no judgments finding fraud, misconduct, or any other type of malfeasance by Diversified or Emiel Kandi have been entered by any court of law.

**DATED** this 1st day of September, 2009.

_____
Emiel Kandi

Declaration of Emiel Kandi
Page 3 of 3

Firearms Law Group
728 PACIFIC AVENUE, SUITE 220
Post Office Box 1694, Tacoma, WA 98401
(253) 272-4700

Case 08-45008-ELP    Doc 61    Filed 09/02/09    Entered 09/02/09 16:04:06    Page 3 of 18

# Exhibit A



Return to:
LOZIER & RIPLEY, P.S.
1111 So. Fawcett Ave., #102
Tacoma, WA 98402

## SELLER'S ASSIGNMENT OF
## REAL ESTATE CONTRACT AND DEED

Grantor: Martha Sutherland
Grantee: Diversified Financial, Inc.
Abbrev. Legal Description: Unit 1, Beverly Court Townhouses
Reference Number of documents being assigned or released: 200404140098
Assessor's Tax Parcel Number: 2504500090

Martha Sutherland, as her separate estate, Grantor, who is the holder of the vendor's interest of the real estate contract described below, for value received, hereby assigns, transfers and sets over to Diversified Financial, Inc., a for profit corporation, Grantee, that certain real estate contract entered into on the 20th day of March, 1989 between Russ Sutherland and Martha Sutherland, husband and wife as seller, and Jack Baker, a single person as purchaser, (said contract having been amended from time to time by seller and purchaser), for the sale and purchase of the following real estate situated in Pierce County, Washington, including any interest therein which grantor may hereafter acquire:

> Unit 1, Beverly Court Townhouses, a Condominium
> according to survey map and floor plans recorded
> under Auditor's fee No. 8208170212, and as identified
> by Declaration recorded under Auditor's number
> 8207170211, in Pierce County, Washington.

The vendor's interest in said contract now being held by Martha Sutherland, the surviving spouse of Russ Sutherland as her separate estate; the vendee's interest in said contract now being held by Theodore L. Copeland, pursuant to an instrument dated September 9, 2005, recorded with the Pierce County Auditor under recording number 200509120580.

Grantee herein further acknowledges that it is aware that there has been prior litigation between Martha Sutherland and Theodore L. Copeland over the terms of the contract, and Theodore Copeland has continued to assert that he is not bound by the amended terms of the contract as

Page 1    EXCISE TAX PAID $ _____
Re. No. 123522  Date 10/1/08
Pierce County
By _____ Auth. Sig

agreed upon by Russ Sutherland and Jack Baker, prior to Theodore L. Copeland having obtained the vendee's interest in the contract from Jack Baker.

Martha Sutherland, Grantor, *conveys and quit-claims, without warranty,* said described premises to said Diversified Financial, Inc. a for profit corporation, Grantor, who hereby assumes and agrees to fulfill the conditions of said real estate contract and said Martha Sutherland, Grantor, hereby states that there is now unpaid on the principal of said contract the sum of forty four thousand five hundred fourteen and 65/00 Dollars ($44,514.65), together with accrued interest and late charges of $3,925.30, for a total outstanding balance upon said contract of $48,439.95. The contract presently calls for monthly payments, of principal and interest in the amount of $450.00, together with a late charge of $10.00 for each payment not received within ten days of the due date.

DATED this 30th day of September, 2008.

_____
Martha Sutherland, as her separate estate, Grantor

STATE OF WASHINGTON )
                               ) ss.
County of Pierce           )

      On this 30th day of September, 2008, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared Martha Sutherland, known to be the individual described in and who executed the foregoing instrument, and acknowledged to me that she signed and sealed the said instrument as her free and voluntary act and deed for the uses and purposes therein mentioned.
      Witness my hand and official seal hereto affixed the day and year in this certificate above written.

_____
NOTARY PUBLIC for Washington
Residing at: Lakewood
Commission Expires: 5/15/10

Diversified Financial, Inc., by its agent, acknowledges that it has read the foregoing, and has been advised of previous litigation between Theodore L. Copeland and Martha Sutherland over the terms of the amended contract, wherein Theodore L. Copeland has contended that he is not bound by the amended terms of the contract, and that Theodore L. Copeland continues to assert

Page 2

that he is not bound by the amended terms of the contract being assigned by this instrument, and that said Theodore L. Copeland has made contract payments, subsequent to dismissal of his lawsuit against Martha Sutherland, "under protest".

Diversified Financial, Inc.

By: _____
    Its authorized agent.

State of Washington )
                    ) ss
County of Pierce    )

      On this day 30th day of September, 2008, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, appeared the duly authorized agent of Diversified Financial, Inc., the Corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he is authorized to execute said instrument.
      Witness my hand and seal hereto affixed the day and year in this certificate above written.

_____
NOTARY PUBLIC for Washington
Residing at _____
Commission Expires: _____

# Exhibit B

After recording, return to:
LOZIER & RIPLEY, P.S.
Suite 102, 1111 So. Fawcett Ave.
Tacoma, WA 98402



# NOTICE OF INTENTION TO DECLARE A FORFEITURE OF AND CANCEL CONTRACT
### (NOINFO)

Grantor: Martha Sutherland, as her separate estate
Grantees: Jack Baker, a single person and Devanie L. Baker, a single person
Assignee: Theodore L. Copeland
Legal Description (abbrev.): Unit 1, Beverly Court Townshouses
Assessor's Tax Parcel No.: 2504500090
Reference No.'s of Documents Released or Assigned: 200509120580

Tacoma, Washington, this ___30___ day of June, 2008.

TO: Theodore L. Copeland

You are hereby notified that you are in default pursuant to the Real Estate Contract described below. This notice is given pursuant to the requirements of Chapter 61.30 of the Revised Code of Washington. Your failure to cure the defaults set forth below, in the manner provided by law, will result in a termination of all your rights pursuant to said Contract in the property described herein.

1.    Name, Address, and Telephone Number of Seller:

Martha Sutherland
12415 Vine Maple Dr.
Tacoma, WA 98499-1131

Page 1

For reference only, not for re-sale.

For reference only, not for re-sale.

2. Name, Address and Telephone Number of Seller's Attorney:

   Ronald S. Ripley
   Attorney at Law
   1111 So. Fawcett Ave. So.
   Suite 102
   Tacoma, WA 98402
   Office: (253) 627-8946

3. Description of Contract:
   a. Date of Original Contract: March 20, 1989
   b. Original Sellers: Russ Sutherland and Martha Sutherland, husband and wife
   c. Original Purchaser: Jack Baker, a single person
   d. Recorded on March 20, 1989, with Pierce County Auditor Under No. 8903200461
   e. Theodore Copeland holds the vendees interest in the contract, pursuant to an assignment dated September 9, 2005, recorded under Auditor's Number 200509120580.
   f. Martha Sutherland holds the vendor's interest in the contract, pursuant to assignment dated March 29, 2004, recorded under Auditor's Number 200404140098.

4. Legal Description of Property:

   Unit I, Beverly Court Townhouses, a Condominium according to Survey Map and Floor Plans recorded under Auditor's No. 8208170212 and as identified by Declaration recorded under Auditor's No. 8207170211, in Pierce County, Washington.

5. You are in default upon said Contract for the following reasons:

   a. Failure to make monthly contract payments which were due from September 1, 2007 through June 30, 2008.
   b. Late charges of $10.00 per month.

   TOTAL ARREARAGES: $4,600.00 (including late charges) thru June 30, 2008

   c. In addition, you have failed to pay real estate property taxes on the above-described property as follows:

   2006 taxes: $2,206.09, plus penalties and interest

   2007 taxes: $2,286.40, plus penalties and interest

   2008 taxes: $2,022.59, plus penalties and interest

Page 2

For reference only, not for re-sale.

    d. Failure to provide proof of insurance on the property, with seller named as loss payee.

    e. Failure to pay or discharge certain liens imposed upon the real property, as follows:

        1.) Sewer lien in the amount of $229.92, per instrument recorded under #200806040150.

        2.) State of Washington DSHS lien in the amount of $250.00, per instrument recorded under #9705090315.

        3.) State of Washington Department of Revenue Tax Judgment in the amount of $2,498.05, filed under judgment #059949431.

        4.) State of Washington Department of Revenue Tax Judgment in the amount of $415.74, filed under judgement #069944519.

6.    The above-described contract shall be forfeited if all defaults are not cured by October 1, 2008, which is not less than ninety (90) days after the date the Notice of Intent to Forfeit will have been recorded, or any longer period specified in the contract or other agreement with the seller.

7.    The effect of the forfeiture of this contract will be as follows:

    a. All right, title and interest in the property of the purchaser and, to the extent elected by seller, of all persons claiming through the purchaser or whose interests are otherwise subordinate to the seller's interest in the property shall be terminated.
    b. The purchaser's rights under the contract shall be cancelled.
    c. All sums previously paid under the contract shall belong to and be retained by the seller or other person to whom paid and entitled thereto.
    d. All of the purchaser's rights in all improvements made to the property and in unharvested crops and timber thereon shall belong to the seller.
    e. The purchaser and all other persons occupying the property whose interests are forfeited shall be required to surrender possession of the property, improvements, and unharvested crops and timber to the seller ten (10) days after the declaration of forfeiture is recorded.

8.    To cure the default described above, you must pay the seller the sum of $4,600.00 as and for contract arrearages and late charges through June 30, 2008, together with all monthly payments, and accrued late charges falling due after the date of this Notice. You must, furthermore, give evidence that all taxes are current and pay the other sums due and owing and discharge the liens as set forth above.

9.    You must also provide evidence that the property is insured with the Vendor, Martha Sutherland, named as loss payee, as required by the contract.

Page 3

10. The purchaser, or any person claiming through the purchaser may have the right to contest the forfeiture, or to seek an extension of time to cure the default, if the default does not involve a failure to pay money, or both, by commencing a court action by filing and serving the summons and complaint before the declaration of forfeiture is recorded.

11. The person to whom the notice is given may have the right to request a court to order a public sale of the property; that such public sale will be ordered only if the court finds that the fair market value of the property substantially exceeds the debt owed under the contract and any other liens having priority over the seller's interest in the property; that the excess, if any, of the highest bid at the sale over the debt owed under the contract will be applied to the liens eliminated by the sale and the balance, if any, paid to the purchaser; that the court will require the person who requests the sale to deposit the anticipated sale costs with the clerk of the court; and that any action to obtain an order for public sale must be commenced by filing and serving the summons and complaint before the declaration of forfeiture is recorded.

12. The seller is not required to give any person any other notice of default before the declaration which completes the forfeiture is given.

DATED this 30 day of June, 2008.

_____
Ronald S. Ripley, WSBA#8293
Attorney for Seller
1111 So. Fawcett Ave., Ste. 102
Tacoma, WA 98402
Office: (253) 627-8946

STATE OF WASHINGTON ) 
) ss.
County of Pierce )

On this day personally appeared before me, Ronald S. Ripley, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 30th day of June, 2008.

_____
Heather L. Cartwright
NOTARY PUBLIC for Washington,
Residing at: Lacey
Commission Expires: 4/19/09

Page 4

# Exhibit C


2008100010022  2  PGS
10/01/2008 8:42am $43.00
PIERCE COUNTY, WASHINGTON

# DECLARATION OF FORFEITURE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## RCW 61.30

TO:   Theodore L. Copeland
12411 Beverly Court Unit 1
Lakewood, WA 98499

(a)   Seller Information:

Diversified Financial, Inc
Po Box 65458
University Place, WA 98464

(b)   Description of Contract:

Real Estate Contract dated **March 20th, 1989**, executed by **Russ Sutherland and Martha Sutherland, husband and wife**, as seller, and **Jack Baker, a single person**, as buyer, (said contract having been amended from time to time by seller and buyer); buyer's interest now being held by Theodore L. Copeland, pursuant to an instrument dated September 9th 2005 recorded with the Pierce County auditor under recording number 200509120580.

(c)   Legal Description of property:

**Unit 1, Beverly Court Townhouses, A Condominium according to survey map and floor plans recorded under auditor's fee No. 828170212, and identified by Declaration recorded under Auditor's number 8207170211, in Pierce County Washington.**

(d)   Forfeiture:

You are notified that the Contract described in Paragraph (b) is forfeited with the following results:

1. the buyer's rights under the Contract are canceled;
2. all right, title, and interest of the buyer in the property is terminated;
3. all right, title, and interest of any persons claiming an interest in all or any portion of the property through the buyer, or whose interest is subordinate to the seller's interest in the property, are terminated.

(e)   Surrender of possession:

All persons whose rights in the property have been terminated and who possess or come into possession of any portion of the property (including improvements, un-harvested crops, and timber) are required to surrender possession to the seller not later than **October 11th, 2008**, which shall not be less than 10 days after the Declaration of Forfeiture is recorded, (or such longer period as provided in the contract or other agreement with the seller).

(f)   Compliance with statutory procedure:

The Contract forfeiture was conducted in compliance with all requirements of Chapter 61.30 RCW and the applicable provisions of the Contract described above.

(g) Action to set aside:

You have the right to bring an action to set aside this forfeiture if the seller did not have the right to forfeit the Contract or failed to comply with the provisions of Chapter 61.30 RCW in any material respect. If you wish to exercise this right, you must file and serve a summons and complaint on the seller or the person who signed the Declaration of Forfeiture not later than **December 1st, 2008,** 60 days after the Declaration of Forfeiture was recorded.

(h) Additional Information:

(Note: Add any additional information required by the Contract or other agreement with the seller and any additional information the seller elects to include that is consistent with the statute and with the contract and other agreements.)

Dated this 1st day of October, 2008.

_____
Diversified Financial, Inc.

STATE OF WASHINGTON   )
                     ) SS.
COUNTY OF PIERCE     )

On this day personally appeared before me the duly authorized agent of Diversified Financial, Inc, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he/she signed the same as his/her free and voluntary act and deed for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have set my hand and official seal this 1st day of October, 2008.

_____
NOTARY PUBLIC for Washington State,
Residing at: Sumner
Commission Expires: 3-20-09

TREENA M. DAVIS
Notary Public
STATE OF WASHINGTON
My Commission Expires 03-20-09

Case 08-45008-ELP   Doc 61   Filed 09/02/09   Entered 09/02/09 16:04:06   Page 15 of 18

# Exhibit D


2008111904080 2 PGS
11/19/2008 10:42am $43.00
PIERCE COUNTY, WASHINGTON

After Recording Return To
Diversified Financial
PO Box 65458
University Place, WA 98464

# REVERSAL OF DECLARATION FORFEITURE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
### RCW 61.30

TO:     Theodore L. Copeland
         12411 Beverly Court Unit 1
         Lakewood, WA 98499

(a)     Seller Information:

        Diversified Financial, Inc
        Po Box 65458
        University Place, WA 98464

(b)    Description of Contract:

Real Estate Contract dated **March 20th, 1989**, executed by **Russ Sutherland and Martha Sutherland, husband and wife,** as seller, and **Jack Baker, a single person,** as buyer, (said contract having been amended from time to time by seller and buyer); buyer's interest now being held by Theodore L. Copeland, pursuant to an instrument dated September 9th 2005 recorded with the Pierce County auditor under recording number 200509120580.

(c)    Legal Description of property:

      **Unit 1, Beverly Court Townhouses, A Condominium according to survey map and floor plans recorded under auditor's fee No. 828170212, and identified by Declaration recorded under Auditor's number 8207170211, in Pierce County Washington.**

(d)    Reversal of Contract Forfeiture:

You are notified that the Contract described in Paragraph (b) that was forfeited on 10/1/08 with the following results:

     1. the buyer's rights under the Contract are canceled;
     2. all right, title, and interest of the buyer in the property is terminated;
     3. all right, title, and interest of any persons claiming an interest in all or any portion of the property through the buyer, or whose interest is subordinate to the seller's interest in the property, are terminated.

has been reinstated and that Buyers interest shall remain intact. Any and all sums owing under the aforementioned contract are still due and owing as of the date of this document and if Buyer does not pay all past due sums listed under the original contract a new contract forfeiture shall be initiated by Seller.

(e)    Return of possession:

Buyer shall retain possession of the property unless a new contract forfeiture shall be completed.

(f)     Compliance with statutory procedure:

4202220 1 PG
11/19/2008 10:39am CCOMITA
EXCISE COLLECTED: $0.00   PRO.FEE: $5.00
PAT MCCARTHY, AUDITOR
PIERCE COUNTY, WA    STATE FEE: $5.00

Page 1

The Contract forfeiture was conducted in compliance with all requirements of Chapter 61.30 RCW and the applicable provisions of the Contract described above.

(g)  Breach:

This contract forfeiture reversal shall not be construed as waiving any breach or default under the aforementioned real estate contract or as impairing any right or remedy thereunder, or as modifying or altering in any respect, any of the terms, covenants, conditions or obligations thereof, but is and shall be deemed to be only an election, without prejudice, to reinstate the Buyers interest and reverse the previous declaration of forfeiture.

(h)  Additional Information:

(Note: Add any additional information required by the Contract or other agreement with the seller and any additional information the seller elects to include that is consistent with the statute and with the contract and other agreements.)

Dated this **18th day of November, 2008.**

_____, Agent
Emiel A. Kandi, Agent for
Diversified Financial, Inc.

STATE OF WASHINGTON  )
                     ) SS.
COUNTY OF PIERCE     )

Notary Public
State of Washington
DEEDRA RAE CLARK
My Appointment Expires Aug 30, 2011

On this day personally appeared before me the duly authorized agent of Diversified Financial, Inc, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he/she signed the same as his/her free and voluntary act and deed for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have set my hand and official seal this 18 day of November, 2008.

_____
NOTARY PUBLIC for Washington State,
Residing at: Graham
Commission Expires: 8\30\2011

Page 2