Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

JUDGE PAUL B. SNYDER
Chapter 13 Proceeding
Tacoma, WA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WESTERN WASHINGTON

In re:

THEODORE L. COPELAND,

Debtor.

THEODORE L. COPELAND,

Plaintiff,

EMIEL A. KANDI and his MARITAL COMMUNITY, DIVERSIFIED FINANCIAL, INC., JASON M. WONG, and JUANITA C. KANDI

Defendants.

CASE NO. 08-45008
Chapter 13

ADVERSARY NO. 10-4026

COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

**COMES NOW** Plaintiff/Debtor, Theodore L. Copeland, pro se, for his Complaint against the Defendants, hereby complains and alleges as follows:

This is an action for actual damages, including costs and attorneys' fees, and punitive damages brought by plaintiff Theodore L. Copeland against Defendants Emiel A. Kandi and his marital community, Diversified Financial, Inc., Juanita C. Kandi, and Jason M. Wong for violating the Automatic Stay of the Bankruptcy Code.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 1 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 1 of 17

## I. JURISDICTION

1.1 This Adversary Proceeding is one arising out of the debtor's bankruptcy case number 08-45008 PBS, filed under Chapter 13 of Title 11 now pending in this Court. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157 and § 1334. The action for violating the Automatic Stay is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. PARTIES and VENUE

2.1 The Plaintiff/Debtor, Theodore L. Copeland ("Copeland") is a single man residing in the Western District of Washington.

2.2 Defendant Emiel Ali Kandi ("Kandi") is a married man residing in the Western District of Washington. Kandi is believed to be the sole owner of Diversified Financial, Inc.

2.3 Defendant Diversified Financial, Inc.("Diversified") is an entity of uncertain origin whose authority to conduct business in the State of Washington has been revoked by the Washington Secretary of State. Defendant Diversified Physical address filed with the Washington State Department of Revenue is <u>6817 Street West University Place, WA 98464</u>. This address is in fact the actual address of the University Place U.S. Post Office. Defendant Diversified is believed to conduct business in the Western District of Washington.

2.4 Defendant Jason M. Wong (Wong) is an attorney who practice law in the state of Washington and was legal counsel for Defendants Kandi, Diversified, and Juanita Kandi. Wong is a resident of the Western District of Washington.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 2 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP   Doc 69   Filed 01/29/10   Entered 01/29/10 13:25:53   Page 2 of 17

2.5  Defendant Juanita C. Kandi ("J. Kandi") is a single woman residing in the Western District of Washington.

2.6  Venue in this Court is proper.

### III. FACTUAL ALLEGATIONS

3.1  In September 2005, Plaintiff/Debtor, Theodore L. Copeland ("Copeland"), noticed an abandon house in very bad condition near the apartment complex where he resided. The house address was 12411 Beverly Ct. SW Lakewood, WA 98499, ("the Property"). Copeland believed with a lot of hard work repairing the property that he could finally afford to be a home owner. The property was purchased by way of a Real Estate Contract (Pierce County opr. No.8903200461). After research Copeland located the legal owners of the property and purchased their vendee's interest in the property by way of purchaser's assignment of Real Estate Contract (Pierce County opr. No. 200509120580).

3.2  Over the next couple years, Copeland invested a lot of sweat equity in making necessary repairs to the property. After devoting much time and money for materials, Copeland began to have financial difficulties and did not make regular Contract payments on the property.

3.3  In the summer of 2008, Copeland was served with a NOTICE OF INTENTION TO DECLARE A FORFEITURE OF AND CANCEL CONTRACT ("Notice") under (Pierce County opr. No. 200806300627) by Martha Sutherland who held a vendor's interest in the property. The cure date stated on the Notice was "October 1, 2008". Copeland believed that he had a substantial amount of equity in the property

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 3 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 3 of 17

and could use his equity to get a loan that would remedy the notice. However, do to the short deadline to remedy the notice, Copeland felt he would be safer finding a non traditional lender that could close on a loan quickly.

3.4 Copeland knew a person in the home lending industry named Donna Canty("Canty") and asked her for help finding a lender that could close on a loan quick. Canty was referred to Defendant Kandi, of Villa Mortgage LLC. Canty then told Copeland about the lender Kandi from Villa Mortgage LLC who could help him. As a favor to Copeland, Canty also was involved with the exchange of information and documents with Defendant Kandi.

3.5 Copeland had multiple conversations with Kandi regarding the loan and faxed him numerous documents which he requested. After reviewing the property data and Copeland's ability to repay the loan, Defendant Kandi told Copeland that he would lend him the money to cure the notice before the deadline.

3.6 Both Copeland and Canty would make calls to Kandi to check the status of the loan and was lead to believe that everything was going OK. As the cure date drew near, Copeland starting having a very difficult time trying to reach Kandi to close on the promised loan. On more than one occasion Copeland called Canty to help him contact Kandi. On each occasion Canty told Copeland that she had spoken to Mr. Kandi and reassured Copeland that everything was OK, however she would not relay any specific information about the closing. She would only say that Kandi will call him back right away with the details, but he never did.

3.7 Copeland called Kandi many times but was only able the leave messages including one just prior to the notice deadline. Copeland informed Kandi that if he did

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 4 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 4 of 17

not hear from him by October 1st, he planned on filing an emergency Bankruptcy petition before close of business to give him more time to close on the loan he promised.

3.8 After not hearing from Kandi, Copeland had no choice but to file for a voluntary chapter 13 bankruptcy petition. Copeland filed his bankruptcy petition on October 1, 2008 and listed the Property on the Schedule D of his bankruptcy.

3.9 Unbeknownst to Copeland, Kandi Secretly purchased the vendor's interest in the Property using his alleged 'shell company' Diversified. This transfer was executed by way of seller's assignment of real estate contract (Pierce County opr. No.200810010021).

3.10 Unbeknownst to Copeland, On October 1, 2008, in violation of the pending Notice, Kandi, prematurely canceled Copeland's interest in the Property and at the same time recorded a Deed of Trust on the property in favor of his mother, Defendant Juanita Kandi. The Deed of Trust stated a dollar amount of $120,000. These actions were executed in Pierce County under recording numbers 200810010022 (DECLARATION OF FORFEITURE) and 200810010023 (DEED OF TRUST).

3.11 On October 6, 2008, Kandi was giving verbal notice of the bankruptcy filing by Copeland during a telephone conversation. Kandi was also told during that conversation that proof of the filing was delivered to his resident and handed to the adult person that answered the door who Copeland believes his name is 'Erron Jett'. Kandi responded to Copeland telling him that he had taking his property and that there was nothing that anyone could do about it. After Copeland continued to argue with Kandi about his illegal actions, he threatened to get a lawyer if his property was not returned. Kandi replied that getting a lawyer still would not get him his property back.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 5 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 5 of 17

3.12 After Kandi refused to return the property, even though he took it a day before he was legally allowed to pursuant to the notice and he was made aware of the bankruptcy filing; Copeland retained the services of Attorney Martin Burns of McFerran, Burns & Stovall to file a lawsuit in Pierce County Superior Court for QUIET TITLE and to set aside the FORFEITURE. The case was filed October 17, 2008 under cause no. 08-2-13603-1.

3.8 On October 18, a process server went to Kandi's residents to serve him with the summons and complaint. The process server spoke with Kandi from the gate of Kandi's resident and told him that he was trying to serve him with a law suit from Mr. Theodore Copeland. Kandi refused service.

3.9 The very next business day, Marla Spencer, Kandi's wife, who lived at a different address and had a different last name, went to a different branch of McFerran, Burns & Stovall to retain an attorney to start a will. After Mrs. Spencer retained an attorney from McFerran, Burns & Stovall, Kandi then accepted service for the lawsuit.

3.10 On October 30, 2008, attorney Jason M. Wong filed a NOTICE OF APPEARANCE to represent Defendants Emiel A. Kandi, Diversified, and Juanita Kandi in the Pierce County lawsuit. Within the pleadings of the complaint of the suit, Defendants was notified of Copeland's bankruptcy filing and also a copy of the bankruptcy filing was attached to the complaint as Exhibit G. A copy of the complaint has been attached hereto as **Exhibit A**.

3.11 On November 3, 2008, Defendants filed a motion to disqualify Copeland's counsel for conflict of interest (The conflict was intentionally created by the Defendants).

3.12 Also on November 3, 2008, Defendants answered the complaint and filed a

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 6 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 6 of 17

counter-claim. The counter-claim included a QUIET TITLE claim, a TRESPASS claim, and an INJUNCTIVE RELIEF request, prohibiting Copeland from any further use of the property; all in violation of the bankruptcy Code. Defendants counter claim has been attached hereto as **Exhibit B**. Defendants' counter claim constitutes a willful violation of this courts automatic stay (U.S.C. 11 § 362(a)(1),(3),(4),(5),and(6)).

3.13 On November 14, 2008, Defendants' motion to disqualify was heard. Judge Steiner saw through the motion as a deliberate ploy and denied the motion. Later that same day, Kandi called Copeland from his office number 253-565-7700. At the beginning of the conversion Kandi first threaten Copeland with an eviction and then tried to use the threat to negotiate with him to drop the lawsuit. Witnesses Rachael Rose and Becky McGee were present during the telephone conversation.

3.14 On November 19, 2008, just two days before the hearing date to set aside the declaration of forfeiture, which the Defendants would have clearly lost; Defendants only then voluntarily returned title to Copeland, stating it was to avoid unnecessary legal expenses fighting over the title. Title was returned using Pierce County recording numbers 200811190480 RESCISSION and 4202220 EXCISE TAX AFFIDAVIT. Even though the Defendants did eventually return the title back to Copeland, the threat of foreclosure was still there. Under Reason for exemption in section no. 7 of the excise tax affidavit, the document stated, in hand writing, "Property Returned due to lawsuit – will reinitiate forfeiture at later date". Both documents were signed by Emiel Kandi.

3.15 Only two days after returning the property, Defendant Wong filed a relief from stay motion with this court alleging a post petition default. The motion was denied.

3.16 On January 21, 2009, Wong filed another relief from stay motion with this

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 7 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP   Doc 69   Filed 01/29/10   Entered 01/29/10 13:25:53   Page 7 of 17

Court alleging a post petition default which was heard on February 19, 2009. No post petition default was found by this court. However this court released both Copeland and Defendants from the stay only for the purpose of allowing them to litigate the disputed amount owed on the property in Pierce County Superior Court so that the correct figures could be used in order for Copeland complete his Chapter 13 Repayment Plan. The order was signed by this court on March 12, 2009. On March 20, 2009, unbeknownst to Copeland, the order was rewritten and resigned by another judge (amended order dated March 20, 2009).

3.17 On March 24, 2009, without specific permission from this court, Wong filed a NOTICE OF INTENT TO FORFEIT under recording no. 200903240879. Wong misrepresented to Judge Orlando the proceedings of the relief from stay hearing in this Court, stating in his pleadings that he was given specific permission from this court to foreclose on the property.

3.18 On May 13, 2009, Wong filed a motion for summary judgment in the State Court lawsuit. The motion petitioned the court to award attorney fees to the Defendants for being the prevailing party in this court, because they were granted relief from stay for cause. The motion stated the Creditor's expenses within the bankruptcy court were over $20,000.

3.19 On June 3, 2009, Copeland's counsel filed a motion to restrain the forfeiture action and for accounting of the real estate contract.

3.20 On June 12, 2009, Judge Orlando ruled that forfeiture be restrained and that Copeland pay the property tax arrears within 30 days. On the contract accounting, Judge Orlando ruled in favor of Copeland for the interest rate and contract payments, but he

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 8 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP   Doc 69   Filed 01/29/10   Entered 01/29/10 13:25:53   Page 8 of 17

ruled in favor of the Defendants for the contract balance. Judge Orlando denied Defendants' motion for summary judgment.

3.21 On June 22, 2009, Copeland's counsel filed a motion for reconsideration. The motion was requesting that the contract balance be ruled on at the trial date and Copeland be allowed to pay his property tax arrears through his chapter 13 Plan in which payments were already being paid into the trustee's account (this motion would have prevented Wong from filing a new forfeiture action). The hearing date was set for July 1, 2009 and than rescheduled to July 10, 2009(three days before Wong could file a new forfeiture action).

3.22 On July 1, 2009, Wong filed a NOTICE OF ABSENCE for July 10, 2009(Wong was the attorney of record of multiple litigations; however, Wong did not file a notice of absence for the 10th of July in any of his other cases). The hearing date was again rescheduled to July 17, 2009 due to Wong's unavailability. Pursuant to Judge Orlando's orders, Wong cancelled the notice of intent to forfeit on June 23, 2009.

3.23 On July 14, 2009, prior to a pending ruling by Judge Orlando concerning payment of the property taxes and also without getting specific permission from this court, Wong filed another NOTICE OF INTENT TO FORFEIT under recording no. 200907140622.

3.24 On July 17, 2009, Judge Orlando held the hearing for reconsideration which he delayed his ruling until September 11, 2009. On September 11, 2009, Judge Orlando ruled in favor of Copeland on both issues.

3.25 To prevent Wong from continuing to file unwarranted notices of forfeiture, Copeland filed a pro se motion with this court on August 10, 2008. The motion was to

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 9 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 9 of 17

clarify this courts earlier order of relief from the bankruptcy stay and for damages. The motion was heard on September 9, 2008 by this Court. This Court ruled in favor of Copeland. As for the damage claim, this Court said that any damages would have to be brought by a separate adversary suit.

3.26 To Date, Defendants forfeiture action filed on 7/14/09 under opr. No. 200907140622 has not been canceled. Defendants continue to remain in violation of this Court's order clarifying Relief from Stay that was signed on 9/9/09

## IV. WILLFUL VIOLATIONS OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a)

**4.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.**

4.2 Defendant Kandi was notified of Plaintiff's bankruptcy filing on October 6, 2008 during a telephone conversation with Plaintiff and also received a copy of the filing at his resident.

4.3 Defendants were aware of the automatic stay when they were served with the State Court lawsuit which included the bankruptcy filing. Once defendants receives notice of a Chapter 13 bankruptcy filing, Defendants has an affirmative duty to undo its violations of the automatic stay. (*In re Keen*, 301 B.R. 749 Bkrtcy. S.D. Fla. 2003). Instead of promptly correcting their actions and returning Title of the property back to the Plaintiff, Defendants aggressively tried to fight to keep the property by uncalled for and reckless litigation which further increased Plaintiff's legal fees. Defendants filing of Its counter-claim on November 3rd 2008 constitutes a willful violation of the automatic stay.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 10 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 10 of 17

> "A 'willful violation' does not require a specific intent to violate the automatic stay. . . . upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." *Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113 (9th Cir. 1992).*

4.4 The Defendants acted with malice in trying to illegally acquire Plaintiff's home at all times from September 2008, when Copeland came to Kandi for help until September 9, 2009 when Copeland Motion for Clarification was granted. Defendants' actions were a blatant disregard of the Bankruptcy Code, Washington State law, and just plain fair dealing.

## V. DAMAGES

**5.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.**

5.2 US Code Title 11 § 362(k)(1) states, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages". Defendants' willful violations of stay injured Plaintiff as follows:

5.3 **1.** Plaintiff was forced to hire an attorney to file a Quite Title suit in Pierce County Superior Court in order to get his illegally taken property back. The Pierce County lawsuit is still ongoing. Due to Defendants' decisions to employ reckless defense ploys, the cost of this litigation has run exceedingly high. Plaintiff has suffered actual damages in attorney fees in excess of $45,000 and they are still increasing.

5.4 **2.** Defendants were well aware of Plaintiff Bankruptcy filing, nevertheless, they acted with malice in ongoing persist attempts to take Plaintiff's home. Plaintiff had a sustained fear of losing his home to Defendants during most of his bankruptcy

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 11 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP   Doc 69   Filed 01/29/10   Entered 01/29/10 13:25:53   Page 11 of 17

proceedings. The constant fear has been a severe disruption of Plaintiff's regular lifestyle and has caused him to suffer emotional distress. Emotional distress is an injury which qualifies as "actual damages" under section 362(k)(1).

5.5 **3.** Prior to Plaintiff relationship with Defendants, Plaintiff had no bankruptcy filings, no notice of forfeiture filings, or forfeiture filing under his name. Defendants' actions have caused a bankruptcy filing and two separate foreclosure actions to be filed under Plaintiff's name. Defendants' actions have permanently damaged Plaintiff's credit.

5.6 **4.** Plaintiff has suffered actual damages from the cost of bringing this adversary proceeding to court.

5.7 Plaintiff alleges that Defendants actions and inactions have impaired and damaged him, entitling Plaintiff to damages in an amount to be proven at time of trail but in excess of $55,000.

## VI. PUNITIVE DAMAGES

**6.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.**

6.2 The bankruptcy code provides that "in appropriate circumstances" punitive damages may be recovered. The bankruptcy courts have determined "appropriate circumstances" are when the action that violated the stay was egregious. An award of punitive damages requires not only a willful violation but "appropriate circumstances" such as egregious, intentional misconduct by the creditor. (*In re Knaus, 889 F.2d at 776 (8th Cir. 1989)*). Plaintiff asserts that defendants' actions were willful and egregious enough to allow for an award of punitive damages.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 12 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP    Doc 69    Filed 01/29/10    Entered 01/29/10 13:25:53    Page 12 of 17

6.3 Punitive damages are intended to punish the offender and deter the offender from future behavior. During the pendency of this Adversary proceeding, Plaintiff intents to present undeniable evidence that defendants have acted with similar fraudulent behavior in a dozen or so other separate cases in the past. Plaintiff allege that Defendant Kandi has a history well established by public records of perpetrating illegal *"foreclosure rescue schemes"* and defrauding many homeowners out of their homes.

6.4 Defendants have managed to conduct such egregious acts of deceit in blatant disregard of the laws for years; all primary unobserved by the eyes of justice. To date no courts have sanctioned defendants enough to deter them from their malicious behavior. Defendants have preyed on the poor and vulnerable and pose a danger to the public.

## VII. CLARIFICATION OF THIS COMPLAINT

**7.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.**

7.2 The lawsuit that Plaintiff has pending in Pierce County Superior Court against Defendants Emiel Kandi, Juanita Kandi, and Diversified Financial, Inc. are for the following causes of action: Action to Set Aside Forfeiture, Quiet Title, Fraud, Negligent Misrepresentation, Consumer Protection Act Violation, Violation of Statutory Duties, Fraudulent Conveyance, and to determine the accounting relating to the Real Estate Contract. These matters our being litigated in State Court with a trail date set for September 14, 2010.

7.3 This complaint is for a separate cause of action. This complaint is to determine if the Defendants actions violated the Bankruptcy Automatic Stay, if the Stay

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 13 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-I
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

was violated were the violations willful, if "appropriate circumstances" exist for punitive damages, and a determination of what damages or other relief if any should be awarded to Plaintiff. This Court is the proper Court to determine these matters.

7.4 The specific alleged actions of the Defendants upon this court are as follows:

| Date | Stay Violation | Offender(s) |
|---|---|---|
| 10/1/08 | Recording of Declaration of Forfeiture (opr. No. 200810010022) when Defendant knew of plaintiff's intention to file for Bankruptcy. | Kandi Diversified |
| 10/1/08 | Recording of Deed of Trust (opr. No. 2008100110023). | Kandi J. Kandi Diversified |
| 10/6/08 | Defendant refused to return Title of property back to Plaintiff after being made aware of Plaintiff Bankruptcy filing. | Kandi |
| 10/30/08 | Failure to correct their violations of the Stay once lawsuit was in progress and deciding to fight the lawsuit while still retaining Title to property. | All |
| 11/3/08 | Filing of counter claim in State lawsuit. | All |
| 11/14/08 | Harassing Plaintiff with threat of eviction | Kandi |
| 11/19/08 | Stating on Real Estate Excise Tax Affidavit that he intents to reinitiate forfeiture at a later date. | Kandi Diversified |
| 3/24/09 | Going beyond the scope of the relief from Stay order and Filing a non-judicial foreclosure(orp. 200903240879) without specific permission from the Bankruptcy Court. | Wong Kandi Diversified |
| 7/14/09 | Going beyond the scope of the relief from Stay order and Filing a non-judicial foreclosure(orp. 200907140622) without specific permission from the Bankruptcy Court. | Wong Kandi Diversified |

Plaintiff reserves the right to add other acts not listed above.

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 14 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendants for the following:

1. A Declaratory Ruling that defendants' conduct was a willful violation of the Automatic Stay.
2. A Declaratory Ruling that Defendants Kandi and Diversified lending practices are unfair and deceitful and appear to be for the purpose of trying to illegally acquire borrower's property or equity.
3. An Order permanently enjoining Defendants Kandi and Diversified from engaging in the practice of Real Estate lending.
4. An award of actual damages to Plaintiff in an amount to be proven at the time of trail but in excess of $55,000.
5. An award of compensatory damages to plaintiff including cost and attorney's fees incurred to bring this action to court.
6. An award of Punitive Damages to Plaintiff in an amount to be determined by this court.
7. Any such further relief that the Court deems just and proper.

DATED this 29th day of January 2010.

By: _____
Theodore L. Copeland, Plaintiff/Debtor
Pro se

COMPLAINT FOR VIOLATION
OF THE AUTOMATIC STAY
Page 15 of 15

Theodore Lenall Copeland
12411 Beverly Ct. SW #6-1
Lakewood, WA 98499
Telephone (253) 582-4866
PRO SE

Case 08-45008-ELP   Doc 69   Filed 01/29/10   Entered 01/29/10 13:25:53   Page 15 of 17

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Theodore L. Copeland | DEFENDANTS Emiel A. Kandi, Diversified Financial, Inc., Jason M. Wong, and Juanita C. Kandi |
|---|---|
| ATTORNEYS Pro se, Theodore Lenall Copeland, 12411 Beverly Ct. SW #6-I, Lakewood, WA 98499, (253) 582-4866 | ATTORNEYS (Jason Michael Wong) |
| PARTY (Check One Box Only)<br>x Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>x Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** Willful violation of the Automatic Stay (U.S.C. title 11 § 362(k))

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - § 542 turnover of property
☐ 12-Recovery of money/property - § 547 preference
☐ 13-Recovery of money/property - § 548 fraudulent transfer
X 14 Recovery of money/property – Other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and a of co-owner §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of Confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(Continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
X 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ an amount over $55,000 |
| Other Relief Sought Punitive Damages | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Theodore Lenall Copeland | | BANKRUPTCY CASE NO. 08-45008 PBS |
| DISTRICT IN WHICH CASE IS PENDING DISTRICT OF WESTERN WASHINGTON | DIVISIONAL OFFICE Tacoma | NAME OF JUDGE PAUL B. SNYDER |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | |
| DATE 1/29/2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Theodore Lenall Copeland pro se | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.